810 F.2d 939
 55 USLW 2437
 MINI SPAS, INC., dba the King's Palace & Rusty Hanna, et
al., dba the Society of Licensed Masseurs,
Plaintiffs-Appellants,
v.
SOUTH SALT LAKE CITY CORPORATION, a Utah municipal
corporation, Defendant-Appellee.
 No. 85-1384.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 29, 1987.
 
 W. Andrews McCullough, of McCullough, Jones, Jensen & Ivins, Orem, Utah, for plaintiffs-appellants.
 Clinton E. Balmforth, South Salt Lake, Utah, for defendant-appellee.
 Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case presents a constitutional challenge to an ordinance adopted by the City of South Salt Lake, Utah, prescribing a dress code for massage parlors. Mini Spas, Inc. and The Society of Licensed Masseurs (hereinafter collectively referred to as "Mini Spas") are massage establishments doing business in South Salt Lake. Mini Spas contended that the dress code is unconstitutional because it proscribes expressive conduct in the form of nudity. The city countered that the ordinance was enacted to control prostitution. The parties filed cross motions for summary judgment. The district court granted the city's motion, upholding the ordinance. We affirm.
 
 
 3
 On October 13, 1982 South Salt Lake adopted an ordinance regulating licensing, dress, and operation requirements of massage parlors. Among other things, the ordinance requires that massage practitioners and employees be "fully covered from a point not to exceed four (4) inches above the center of the knee cap to the base of the neck" by an opaque material.[1]
 
 
 4
 Mini Spas brought a pre-enforcement facial constitutional challenge against the city ordinance contending that the dress code (1) is unreasonable, arbitrary, overbroad, and violates Mini Spas' First Amendment right of freedom of expression; (2) denies equal protection of the law in violation of the Fourteenth Amendment; and (3) is unconstitutionally vague in violation of due process.
 
 I.
 FIRST AMENDMENT
 
 5
 Mini Spas asserts that the dress code violates the right of freedom of expression because the code is unreasonably restrictive, arbitrary, overbroad, and is aimed solely at prohibiting nudity for its own sake rather than suppressing illegal sexual activities.
 
 
 6
 The district court recognized that non-verbal, expressive conduct has often been accorded First Amendment protection. Rec., vol. I, at 57 (citing as examples West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943), and Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969)). The court also noted, however, that not all conduct is necessarily "speech" under the First Amendment. See United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968) ("We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea."). The court assumed without deciding that "some protected 'communicative' element," rec., vol. I, at 59, might be contained in the regulated conduct, in this case nudity, and applied the analysis set forth in O'Brien. See O'Brien, 391 U.S. at 376-77, 88 S.Ct. at 1678-79; see also Doran v. Salem Inn, Inc., 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); California v. LaRue, 409 U.S. 109, 117-18, 93 S.Ct. 390, 396-97, 34 L.Ed.2d 342 (1972). The court concluded that the ordinance satisfies O'Brien, and we agree.
 
 
 7
 In O'Brien, the Supreme Court developed a four-part test for determining the validity of incidental limitations on First Amendment freedoms "when 'speech' and 'nonspeech' elements are combined in the same course of conduct." O'Brien, 391 U.S. at 376, 88 S.Ct. at 1678.
 
 
 8
 "[A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest."
 
 
 9
 Id. at 377, 88 S.Ct. at 1679. Although O'Brien involved a federal statute, the test also applies to state and municipal regulations. See, e.g., Members of the City Council v. Taxpayers for Vincent, 466 U.S. 789, 804-05, 104 S.Ct. 2118, 2128-29, 80 L.Ed.2d 772 (1984).
 
 
 10
 The city asserts that one of the interests served by the ordinance is to prevent massage parlors from degenerating into houses of prostitution. See Brief of Appellees at 7. The district court concluded that regulating prostitution is within the police power of South Salt Lake and that the first part of the O'Brien test was thus satisfied. Mini Spas does not disagree. The court also correctly concluded that the city's interest in suppressing illegal sexual conduct is a "substantial" or "important" one, and that the dress code furthers that interest. This satisfies O'Brien's second requirement.
 
 
 11
 The third part of the O'Brien test requires that the government interest must be unrelated to the suppression of free expression. Mini Spas asserts that "the prohibition of prostitution had nothing to do with the adoption of this ordinance." Brief of Appellants at 10. It argues that the city's "sole" purpose was to prohibit nudity for its own sake. See, e.g., Salem Inn, Inc. v. Frank, 522 F.2d 1045 (2nd Cir.1975) (ordinance directed at nudity rather than lewdness or obscenity is unconstitutional). In his deposition, however, the mayor of South Salt Lake testified that prior to the passage of the ordinance, arrests had been made for indecent conduct in massage parlors. He testified that the ordinance "was felt by the police department to be a necessary step to insure we had proper professional conduct taking place in the massage industry." Rec., vol. II, at 11. The district court concluded that the city was concerned "that massage parlors can facilitate prostitution," rec., vol. I, at 60. Although Mini Spas points to some testimony by the mayor that nude massage itself was one of the concerns the ordinance was intended to address, O'Brien cautions against declaring a legislative enactment unconstitutional based on the statements of one legislator. O'Brien, 391 U.S. at 383-84, 88 S.Ct. at 1682-83.[2] O'Brien focuses on the government interest being served, and it is clear that the interest asserted by the city--suppressing prostitution--is unrelated to inhibiting freedom of expression.
 
 
 12
 Mini Spas argues that the dress code is overly restrictive because its literal terms would require that massage technicians cover their arms and their hands, thereby rendering them unable to perform massage. "A statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality." St. Martin Evangelical Lutheran Church v. South Dakota, 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). The district court assumed that the city would enforce the ordinance in a reasonable manner and accepted the city's assertion that the restrictions do not apply to arms and hands. So construed, the ordinance is not unduly restrictive.
 
 
 13
 Mini Spas also asserts that the ordinance is constitutionally overbroad. The district court correctly recognized that the overbreadth doctrine reflects a concern that a broadly written "statute's very existence may cause [third parties] to refrain from constitutionally protected speech or expression." Vincent, 466 U.S. at 799, 104 S.Ct. at 2125 (quoting Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973)). We agree with the court that the language of subsections (6) and (8), supra note 1, limits the dress requirements to masseurs and employees in the context of massage establishments, and is not unconstitutionally overbroad.
 
 II.
 EQUAL PROTECTION
 
 14
 Mini Spas contends that the dress code violates the Equal Protection Clause of the Fourteenth Amendment because its prohibition of nudity singles out massage parlors from other occupations.
 
 
 15
 The Fourteenth Amendment, however, "does not deny to States [or local governments] the power to treat different classes of persons in different ways," Reed v. Reed, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971), unless the classification is based on "criteria wholly unrelated to the objective of [the] statute," id. at 76, 92 S.Ct. at 254. Under this test, "[t]he distinctions drawn by a challenged statute must bear some rational relationship to a legitimate state end and will be set aside as violative of the Equal Protection Clause only if based on reasons totally unrelated to the pursuit of that goal." McDonald v. Board of Election Comm'rs, 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969). If the classification is reasonable, the remedial scheme does not violate the Equal Protection Clause "simply because it fail[s] ... to cover every evil that might conceivably have been attacked." Id. We agree with the district court's conclusion that "South Salt Lake has a legitimate interest in prohibiting prostitution," rec., vol. I, at 63, and that the ordinance's distinction singling out massage parlors is rationally related to this interest.[3]III.
 
 VAGUENESS
 
 16
 Finally, Mini Spas argues that the provisions of the ordinance are unconstitutionally vague in that they fail to give reasonable notice as to what conduct is proscribed. In particular, Mini Spas attacks subsections (5) and (7), which prohibit nudity when more than one person is present in certain rooms, and subsections (6) and (8), which contain the dress requirement of "four inches above the center of the kneecap to the base of the neck." The district court construed subsection (5)'s "exception" clause to encompass all of that subsection, noted that the "specified anatomical areas" to be covered are clearly defined in section 3B-8-1, and noted that the city did not consider the "four inches above the knee to the base of the neck" requirement as applying to arms and hands. Thus construed, the court rejected Mini Spas' contention that the ordinance is impermissibly vague.
 
 
 17
 A statute violates due process if it is so vague that a person of common intelligence cannot discern what conduct is prohibited, required, or tolerated. See Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); Aiello v. City of Wilmington, 623 F.2d 845, 850 (3rd Cir.1980); Hirschkop v. Snead, 594 F.2d 356, 370 (4th Cir.1979). "A federal court is without power to remedy defects in an ordinance by giving it constitutionally precise content. However, we are obliged to favor an interpretation which renders the statute constitutional." Postscript Enterprises, Inc. v. Whaley, 658 F.2d 1249, 1253 (8th Cir.1981) (citations omitted); see St. Martin Evangelical Lutheran Church, 451 U.S. at 780, 101 S.Ct. at 2147.
 
 
 18
 We conclude that the district court, faced with provisions susceptible of two readings, permissibly construed the ordinance in such a way as to avoid the problem of unconstitutional vagueness. See United States v. Chavez, 627 F.2d 953, 955 (9th Cir.1980), cert. denied, 450 U.S. 924, 101 S.Ct. 1376, 67 L.Ed.2d 353 (1981).
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 The ordinance, in relevant part, reads:
 "(5) With the exception of bathrooms, dressing rooms, or any room utilized for dressing purposes, no owner, operator, responsible managing employee, manager, or licensee in charge of or in control of any massage establishment shall permit any person in any area within the massage establishment which is used in common by the patrons or which can be viewed by patrons from such an area, unless the person's specified anatomical areas are fully covered. In addition, no owner, operator, responsible managing employee, manager or licensee in charge of or in control of a massage establishment shall permit any person to be in any room with another person unless all persons' specified anatomical areas are fully covered.
 "(6) No owner, operator, responsible managing employee, manager or licensee in charge of or in control of a massage establishment shall permit any masseur or employee to be on the premises of a massage establishment during its hours of operation while performing or available to perform any task or service associated with the operation of a massage business, unless the masseur or employee is fully covered from a point not to exceed four (4) inches above the center of the knee cap to the base of the neck. The covering will be of an opaque material and will be maintained in a clean and sanitary condition.
 "(7) No masseur or employee, while performing any task or service associated with the massage business, shall be present in any room with another person unless the person's specified anatomical areas are fully covered.
 "(8) No masseur or employee shall be on the premises of a massage establishment during its hours of operation while performing or available to perform any task or service associated with the operation of a massage business, unless the masseur or employee is fully covered from a point not to exceed four (4) inches above the center of the knee cap to the base of the neck. For purposes of this subsection, the covering will be of an opaque material and will be maintained in a clean and sanitary condition."
 South Salt Lake, Utah, Rev. Ordinances tit. 3B, ch. 8, Sec. 3B-8-5 (1974) (as amended), reprinted in rec., vol. I, at 3-4.
 
 
 [2]
 We express no opinion whether closer scrutiny of actual intent is warranted when unmistakably clear evidence establishes that the actual motive has nothing to do with the legitimate interest that could otherwise support the regulation. See Krueger v. City of Pensacola, 759 F.2d 851 (11th Cir.1985). In the present case, the record at a minimum establishes that multiple concerns were involved, including the regulation of illicit conduct
 
 
 [3]
 Mini Spas does not argue on appeal that stricter scrutiny than the "rational basis" test should apply to its equal protection claim. We thus do not address this issue