**Kimberly GUINTHER, President, Individually and in Behalf of the Utah Dancer's Association; Hall of Giants Enterprises, Inc., dba Dino's; David Maxwell; Mini Spas, Inc. dba The Entertainment Place, The Zodiac Health Studio and The King's Palace; Greg Bisseger; Shawn Strong dba Adams Apple; and Heidi Tracy dba Aladdins Geni, Plaintiffs,**

v.

**Honorable David L. WILKINSON, Attorney General of the State of Utah; State of Utah; Honorable David Yocum, County Attorney of Salt Lake County, Utah; Bud Willoughby, Chief of Police of Salt Lake City; The City of South Salt Lake; and Val Bess, Chief of Police of the City of South Salt Lake, Defendants.**

Civ. No. C87–423G.

United States District Court, D. Utah, C.D.

Jan. 21, 1988.

Steven R. Cook, Salt Lake City, Utah, for plaintiffs.

Stanley H. Olsen, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on for hearing on August 25, 1987, pursuant to defendants' Motion to Dismiss. Kimberly Guinther, et al. ("Guinther") was represented by Steven R. Cook, and David Wilkinson, et al. ("Wilkinson") was represented by Stanley H. Olsen. The parties submitted memoranda and presented oral argument. The court directed that any additional memoranda and affidavits be submitted by September 15, 1987, and that the matter then would be under advisement for decision without further argument unless a written request for further oral argument was filed on or before September 18, 1987. No further affidavits, memoranda or request for oral argument were filed. However, on September 16, 1987, the plaintiff and defendant representatives of the State of Utah filed a stipulation that stated the following: (1) the underlined portion of § 76–10–1301(1) is severable from the rest of the statute; (2) the underlined portion of the statute violates the first and fourteenth amendments of the United States Constitution; (3) the remaining portion of the statute is enforceable; and (4) the issue of fees and costs under 42 U.S.C. § 1988 (1982) should be reserved, although the parties agreed that $2,500

was a reasonable award of attorneys fees. The court raised several questions concerning the validity of such a stipulation in which the Attorney General of Utah agrees that an Act of the Utah Legislature should be ruled unconstitutional. That matter and other related issues were briefed and presented to the court on January 4, 1988. The court now being fully advised enters its Memorandum Decision and Order.

## BACKGROUND

In 1987, the Utah State Legislature amended the prostitution section of the Utah Code, changing the definition of "sexual activity" as used in that section to provide the following:

> "Sexual activity" means acts of masturbation, sexual intercourse, *or any touching of a person's clothed or unclothed genitals, pubic area, buttocks, anus, or, if the person is a female, her breast, whether alone or between members of the same or opposite sex, or between humans and animals, in an act of apparent or actual sexual stimulation or gratification.*

Utah Code Ann. § 76–10–1301(1) (Supp. 1987) (emphasis added).[1] This definition applies to an existing section of the Utah Code, which in pertinent part provides:

> (1) a person is guilty of prostitution when:
>
>   (a) He engages or offers or agrees to engage in any *sexual activity with another person for a fee;*

*Id.* § 76–10–1302 (1978) (emphasis added).

On May 6, 1987, this action was filed. Plaintiffs consist of performing artists, dancers, actors, businesses, and a prospective spectator, all of whom claim that the 1987 amendment infringes their first amendment rights, and they seek declaratory and injunctive relief. Plaintiffs named Attorney General David L. Wilkinson, Salt Lake County Attorney David Yocum, Salt Lake City Chief of Police Bud Willoughby and South Salt Lake City Chief of Police Val Bess as defendants in their official capacities as the representatives of the state and city responsible for enforcing the statute.

On May 18, 1987, this court ruled the underlined portions of § 76–10–1301(1) to be severable from the remaining portions and that the remaining (not underlined) portions are enforceable. The court also denied plaintiff's Motion for a Temporary Restraining Order as to enforcement of the underlined portion of the statute because defendants made it clear that they would not attempt to enforce that portion of the statute with respect to the conduct outlined in the Complaint and set forth in Affidavits presented by plaintiffs.

The court will first address certain issues raised by the stipulation of unconstitutionality presented by the Attorney General of Utah and other counsel, and then will address the merits of the constitutionality of the statute in question.

## I. POWER OF ATTORNEY GENERAL TO STIPULATE AS TO UNCONSTITUTIONALITY OF STATUTES

After receipt of the proferred stipulation of unconstitutionality concerning the underlined portion of the statute in question, this court sua sponte directed counsel to respond to the question:

> Does the Attorney General's stipulation that Utah Code Ann. § 76–10–1303(1) is unconstitutional exceed the Attorney General's various powers, or violate the separation of powers doctrine under the Utah Constitution? [2]

---

**1.** On April 8, 1987, the city of South Salt Lake passed an identical amendment to its ordinances, which became effective May 5, 1987. City of South Salt Lake, Utah, Ordinance 202 (April 8, 1987), to be codified at § 8C–8–5.

**2.** Order, November 5, 1987.
Additional questions addressed to counsel were: Does the Attorney General's stipulation that part of Utah Code Ann. § 76–10–1301(1) is

unenforceable by the state destroy plaintiffs' standing in this case, or eliminate this case as a "case or controversy" for jurisdictional purposes?
What effect would this Court's approval of the parties' tendered stipulation have on:
  a. The right of plaintiffs to engage in the activities they allege are protected?
  b. The rights of third parties to engage in such allegedly protected activities?

It was properly recognized by both counsel that the stipulation is not and could not be binding upon the court, and that only upon order of the court could there be a binding declaration of unconstitutionality.

Utah law sets forth the general duties of the Attorney General, and provides in part:

It is the duty of the attorney general:

(1) to attend the Supreme Court of this state, and all courts of the United States, and prosecute or defend all causes to which the state, or any officer, board, or commission of the state in an official board, or commission of the state in an official capacity is a party; *and has the charge, as attorney, of all civil legal matters in which the state is in anywise interested.*

Utah Code Ann. § 67–5–1 (1986) (emphasis added). In *Hansen v. Barlow*, 23 Utah 2d 27, 456 P.2d 177 (1969), the Utah Supreme Court referred to this statute and said:

This statute alone, ... would provide an adequate basis for the attorney general to initiate a declaratory judgment action where he believes a statute is in direct contravention to some mandatory provision of the Constitution of Utah.

*Id.* 456 P.2d at 181. The *Hansen* court addressed an issue not unlike the question posed by this court: "Does the Attorney General have the right to challenge the constitutionality of a statute enacted by the State Legislature." *Id.* at 177. The *Hansen* court concluded:

After consideration of our Constitution, statutes and decisions of sister courts, we are of the opinion that it is within the right of the Attorney General, if not his duty to bring suits to clarify the constitutionality of laws enacted by the Legislature if he deems it appropriate. He is in a much more informed, duty-entrusted, and advantageous position to do so than the individual citizen and taxpayer.

c. The power of present and future Attorney Generals *to enforce* Utah Code Ann. § 76–10–1301(1)?

d. Utah Code Ann. § 76–10–1301(1)?
*Id.*

**3.** Brief of State of Utah and David L. Wilkinson at p. 11. In support of this proposition, the

In addition to the authority to bring an action seeking a declaration as to the constitutionality of a Utah law, the Attorney General presented the proposition to this court that there is no "prohibition in his acknowledgment of such unconstitutionality." [3]

■ Recently this court has observed that mere lack of enforcement of a law which has been regarded by the Attorney General as unconstitutional is not enough to render the statute of no force or effect. *Cooper v. State of Utah, et al.,* slip op. 87–C–606G (December 21, 1987). Nor can the assurance by the Attorney General that he does not intend to enforce the law defeat standing to challenge the law of a person who realistically may be aggrieved by the enactment. *Id.* Until a court acts, an apparently invalid or dormant statute may become operative, notwithstanding a pattern of apparent lack of enforcement, an opinion by the Attorney General, or even, as here, an agreement by the Attorney General that the act is unconstitutional. It follows that the stipulation of counsel may be accepted or rejected by the court, in whole or in part, and that any declaration or ruling as to constitutionality stands as an action of the court independent of any stipulation of counsel.

There appears to be no dispute by counsel as to the aforesaid principles. Accordingly, this court now addresses the merits of the statute in question as to whether it passes constitutional muster.

## II. CONSTITUTIONALITY OF THE STATUTE

The underlined portion of the Utah statute under scrutiny here, excluding the portion this court has already upheld as enforceable and not unconstitutional, is as follows:

Sexual activity means ... <u>any touching of a person's clothed or unclothed geni-</u>

State cited *D'Amico v. Board of Medical Examiners,* 520 P.2d 10, 20–21 (Cal.1974) (attorney general with common law powers, as representative of the public interest, may concede "constitutional facts").

tals, pubic area, buttocks, anus, or, if the person is a female, her breast, whether alone or between members of the same or opposite sex, or between humans and animals, in an act of apparent or actual sexual stimulation or gratification. § 76–10–1301(1).

This court now holds that the underlined portion of the statute violates the due process clause of the Fourteenth Amendment of the United States Constitution in two particulars, i.e. that it is overbroad, and that it is impermissively vague.[4]

A. Overbreadth

■ The actions set forth by plaintiffs as possibly subject to proscription under the statute include in addition to nude or semi nude dancing, anticipated ballet dancing by artists who dance for Ballet West, Disney on Parade, the San Francisco Opera and the San Francisco Ballet, in such productions as "Paradise Lost," "Garden of Evil," "Samson and Delilah," "Ballet Chaos" and "many others"; anticipated acting by professional actors in such productions as "Romeo and Juliet," "Taming of the Shrew," "Merry Wives of Windsor," "A Midsummer Nights Dream," "Kiss Me Kate," "Hair," "Oh! Calcutta," "A Chorus Line," and "Gypsy." In all of the aforesaid forms of expression, fear was expressed that enforcement of the statute could curtail artistic expression because during the course thereof one might touch his or her own clothed or unclothed pubic area, buttocks or breast in an act of apparent sexual stimulation or gratification.

In *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) the Supreme Court held that "even though a statute or ordinance may be constitutionally applied to the activities of a particular defendant, that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected

speech or expression of other persons not before the court," 422 U.S. at 933, 95 S.Ct. at 2568–69. See also *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Mini Spas, Inc. v. South Salt Lake City Corp.*, 810 F.2d 939, 942 (10th Cir.1987). In the case before us, the Utah prostitution statute applies to "sexual activity" *with another person* for a fee" Utah Code Ann. § 76–10–1302(1)(a) (emphasis added), but the term "sexual activity" in the underlined portion of the statute under scrutiny embraces acts of touching *"whether alone* or between members of the same or opposite sex" Utah Code Ann. § 76–10–1301 (emphasis added). The breadth and reach of the statute is clearly too wide, as well as being inconsistent with the prostitution law itself. As written, the statute embraces conduct that very well justifiably may be regulated under the police power of the state, but it is so broad as also to embrace conduct which could not justifiably be so regulated. Whether the particular offending language could be severed, or interpreted as consistent with the pre-existing law, is doubtful. In all events, however, the statute does not pass constitutional muster because it is impermissively vague.

B. Vagueness

■ There is no definition or standard set forth in the statute concerning the meaning of the term "apparent or actual sexual stimulation or gratification." Without some standard of objective measurement, subjective interpretation of allegedly offensive acts and conduct, either as constituting "apparent" or even "actual" sexual stimulation or gratification, could and likely would be wholly capricious. Without such a standard, many of the ordinary acts associated with performances could be subjectively so construed.[5]

---

4. Since this court regards the statute as unconstitutional under the Fourteenth Amendment, the Free Speech issues under the First Amendment are not reached.

5. "The clasping of a breast in the display of emotion, such as when a female clasps her breast with a sight of longing when she sees her paramour, could be construed as an act or ap-

parent of actual sexual stimulation or gratification. A slap on the posterior made as a lover's greeting, in a play for example, could be considered an act or apparent of actual sexual stimulation or gratification. Placing the hands on the hips with the fingertips touching the buttocks and making a grinding motion with the hips could be considered an act of apparent or

The law is clear that persons who must conform their conduct to particular requirements are entitled to fair notice of what is permitted and what is proscribed. *Village of Hoffman Estates v. Flipside Hoffman Estates,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Grayned v. City of Rockford, supra; United States v. Salazar,* 720 F.2d 1482, 1484–85 (10th Cir.1983). If a law does not provide standards against which a person's conduct may be measured it is unconstitutionally vague and "incapable of any valid application," *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). The enactment at issue provides no standards against which a person's conduct may be measured and is susceptible to mischievous subjective application. Thus, it is unconstitutionally vague.

It should be noted that under this court's prior ruling the statute as enacted by the Utah Legislature is severable, so only the underlined portions here under scrutiny are now held to be unconstitutional.[6] Also, acts which are obscene, or constitute lewd conduct, while not acts of prostitution, are prohibited under other sections of Utah law.[7] Finally, it should be noted that the court does not reach the contention of plaintiffs that the statute is unconstitutional under the First Amendment as an impermissible infringement of free expression, since the basis upon which the court strikes down the statute is that it offends the Fourteenth Amendment.[8]

For the reasons aforesaid, this court holds the severed portion of Utah Code Ann. § 76–10–1301(1) (Supp.1987) to be in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

Counsel for the State of Utah is directed to submit a form of Judgment to the Court in accordance with this Memorandum Decision and Order, after compliance with Rule 13(e) of the Rules of this Court.

IT IS SO ORDERED.

actual sexual stimulation or gratification. Touching the genitals as a part of a comedy routine, as has often been done by performers, could be construed as an act or apparent of actual sexual stimulation or gratification. When a dancer grabs their own or another dancers buttocks to aid in a gymnastic maneuver which is part of a dance with sexual connotations, it could be construed as an act of apparent or actual sexual stimulation of gratification. When an actor in a play is on his or her knees and embraces a standing actor, while pressing his or her head against their buttocks or pubic area, even though clothed, it could be construed as an act or apparent or actual sexual stimulation or gratification." Plaintiff's Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, p. 12.

6. Under the portion of the statute which was severed and held to be enforceable by this court, acts of masturbation and sexual intercourse are prohibited when engaged in with another person for a fee.

7. Acts of obscenity are prohibited under § 76–10–1204, Utah Code Annotated, and lewd conduct is proscribed under § 76–9–702 of the Utah Code.

8. *See supra* n. 4.