**Patricia M. McDONOUGH, et al., Plaintiffs,**

**Leola Cunningham, et al., Plaintiffs-Intervenors,**

v.

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants.**

**Civ. No. 86–0262–P.**

United States District Court, D. Maine.

Oct. 22, 1986.

Thomas D. Warren, Mary Lou Dyer, Office of the Atty. Gen., Augusta, Me., for plaintiffs.

Kathleen C. Caldwell, Hugh Calkins, Pine Tree Legal Assistance, Bangor, Me., for plaintiffs-intervenors.

Sandra M. Schraibman, James A. Gardner, Dept. of Justice, Civil Div., Washington, D.C., David R. Collins, Asst. U.S. Atty., Portland, Me., for defendants.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This matter, a declaratory judgment action to resolve a dispute between Plaintiffs, Patricia M. McDonough, Commissioner of Labor, Maine Department of Labor, and Seth W. Thornton, Executive Director, Bureau of Employment Security, Maine Department of Labor (Maine), and Defendants, United States Department of Labor (DOL), William Brock, Secretary of the DOL, and Robert J. Semler, Acting Regional Administrator of the Employment and Training Administration, DOL, regarding the meaning of title II, section 231 of the Trade Act of 1974, as amended in 1981 by P.L. 97–35, 19 U.S.C. § 2291 (1982), is now before the Court on Plaintiff-Intervenors' Motion for a Temporary Restraining Order. Plaintiff-Intervenors are individuals who receive Trade Readjustment Assistance (TRA) benefits under the Act. They seek to restrain DOL from taking any action: (1) requiring the termination of their TRA benefits; (2) requiring the redetermination of their eligibility for TRA benefits; and (3)

requiring the assessment of overpayments against them because of their prior receipt of TRA benefits pending final determination of this action. For the reasons set forth below, the Court denies the Motion for a Temporary Restraining Order.

## I.

The TRA program was originally enacted by Congress as part of the Trade Act of 1974. Under the Act, TRA benefits are payable to eligible workers who lose their jobs as a result of competition from foreign imports. As authorized by the Act, 19 U.S.C. § 2311(a), DOL entered into an agreement with Maine on March 28, 1975, under which Maine administers the TRA program within the State. Maine is bound by the agreement to perform its functions and duties "in accordance with the Act and the regulations and procedures prescribed thereunder." The applicable regulations are currently found at 29 C.F.R. §§ 91.1–91.66 (1986).

In 1981, Congress amended the statutory provisions relating to TRA by enacting the Omnibus Budget Reconciliation Act of 1981, P.L. No. 97–35. Among the other changes made by the 1981 amendments was the omission of the word "last" from the phrase "[s]uch worker's [last] total or partial separation." 19 U.S.C. § 2291(a)(1).[1] It is this omission that has culminated in the current dispute between Maine and DOL.

The Maine Unemployment Insurance Commission, which makes final agency decisions on individual claims for TRA benefits, has interpreted the amended statutory language as effecting no change in meaning from the 1974 Act. In other words, Maine interprets the current statute to require that eligibility be based on the most recent or last separation. The DOL has notified Maine of its position that the amended language should be read to mean "first separation" and has instructed Plaintiff Thornton not to apply the Maine interpretation of the statutory language. DOL has also proposed, but has never adopted, regulations implementing the DOL interpretation of this statutory language. Plaintiff-Intervenors claim that they will remain eligible to receive benefits under the interpretation urged by Maine but will be ineligible for benefits under the DOL interpretation.

In order to resolve this dispute, Maine filed the present declaratory judgment action. Subsequent to Maine's initiation of this action, the Secretary of Labor, as authorized by 19 C.F.R. § 91.63(e), has scheduled an administrative hearing for Wednesday, October 22, 1986 on the issue of Maine's compliance with the Act. At this hearing, Maine will be permitted to argue in favor of its interpretation of section 2291. If as a result of this hearing the Secretary finds that his interpretation of the 1981 amendment is controlling and that Maine has consequently breached its obligations under the agreement between the parties, Maine is subject to automatic sanctions under 26 U.S.C. § 3302(c). 29 C.F.R. § 91.63(e).

The Plaintiff-Intervenors specifically ask this Court to enjoin this administrative pro-

---

1. The statute now reads:
Qualifying requirements for workers
(a) Trade readjustment allowance conditions
 Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such allowance for any week of unemployment which begins more than 60 days after the date on which the petition that resulted in such certification was filed under section 2271 of this title, if the following conditions are met:
 (1) Such worker's total or partial separation before his application under this part occurred—

 (A) on or after the date, as specified in the certification under which he is covered, on which total or partial separation began or threatened to begin in the adversely affected employment,
 (B) before the expiration of the 2–year period beginning on the date on which the determination under section 2273 of this title was made, and
 (C) before the termination date (if any) determined pursuant to section 2273(d) of this title.
19 U.S.C. § 2291(a)(1) (1982).

ceeding. In support of their request, they allege that DOL has instituted the proceedings: (1) in retaliation for the filing by Maine of its request for declaratory judgment; (2) in order to remove jurisdiction from this Court to its own forum in Washington, D.C.; (3) to force Maine to give up its request for declaratory judgment in this Court due to the "threat" of severe monetary sanctions; and (4) to eliminate the participation of Plaintiff-Intervenors as a party in the resolution of this matter.

## II.

### A. *Justiciability*

■ In order to maintain its action for injunctive relief against an administrative proceeding, Plaintiff-Intervenors must demonstrate that their action is ripe for resolution and not "abstract or hypothetical or remote." K. Davis, Administrative Law Treatise § 25.1, at 350 (2d ed. 1983). Although issues of ripeness tend to overlap with issues of standing, reviewability, and exhaustion, the ripeness doctrine focuses on the types of functions that courts should perform; its foundation lies in the Article III requirement of a 'case' or 'controversy.' *Id.* Consequently, ripeness is a predicate upon which the Court's jurisdiction in its absolute, and not discretionary, sense is based.

The United States Supreme Court has discussed the concept of ripeness as applied to requests for injunctive relief against agency action. In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the Court noted that the basic rationale of the doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 148–49, 87 S.Ct. at 1515. The Court went on to describe the doctrine as encompassing two aspects: one, "the fitness of the issues for judicial decision," and two, "the hardship to

the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. Plaintiff-Intervenors' request fails both tests.

■ First, there is no controversy between Plaintiff-Intervenors and DOL that is fit for decision. The administrative hearing that is to begin this very day is designed to formalize DOL's position regarding its interpretation of the controlling statutory language. Both Maine and DOL will have the opportunity to present before an independent administrative law judge the bases for their constructions of the statutory language. More importantly, there will be no justiciable issue between Plaintiff-Intervenors and DOL unless and until a decision is rendered against Maine in the administrative proceeding. Moreover, although the issue in that proceeding is purely a legal one—whether the Secretary's current "position" reflects a proper construction of the statutory eligibility requirements—until there is a decision on the merits in that administrative proceeding, the Secretary's position does not appear to be final agency action. *Cf. Abbott Laboratories*, 387 U.S. at 149, 87 S.Ct. at 1515 (injunctive relief appropriate where regulations in issue were final agency action and the resolution of the controversy involved purely legal questions). Consequently, because there is no controversy between Plaintiff-Intervenors and DOL until the conclusion of the administrative proceedings, this Court lacks jurisdiction to issue the requested injunctive relief.

Plaintiff-Intervenors' request also fails the second test put forth by the Supreme Court: there is no overriding hardship to Plaintiff-Intervenors caused by this Court's denial of injunctive relief. This aspect of Plaintiff-Intervenors' claim is developed more fully below.

### B. *Injunctive Relief*

■ Even if this Court were to find that it had jurisdiction to issue the requested relief, the granting of injunctive relief lies within the sound discretion of the Court. In order to prevail on its motion for a temporary restraining order, Plaintiff-In-

tervenors must satisfy *each* of four essential requirements. This Court has articulated these requirements on many prior occasions. They are:

> "It is well settled law that, in the ordinary case, a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction. The Court must find: (1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which the granting of injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction."

*Stanton by Stanton v. Brunswick School Dept.*, 577 F.Supp. 1560, 1567 (D.Me.1984) (*quoting UV Industries, Inc. v. Posner*, 466 F.Supp. 1251, 1255 (D.Me.1979) (per Gignoux, J.)). The Court briefly considers below each of these criteria.

### 1. *Plaintiff-Intervenors' Irreparable Injury*

Plaintiff-Intervenors claim irreparable injury in the nature of loss of economic benefits under the TRA program. This alleged injury is not irreparable for three reasons. First, it is not a threat of immediate injury. *See Massachusetts Coalition of Citizens With Disabilities v. Civil Defense Agency*, 649 F.2d 71, 74 (1st Cir.1981). As explained above, Plaintiff-Intervenors will be harmed only if Maine loses in the administrative process, and then only after administrative reevaluation of their claims. Second, there appears to be an adequate remedy at law. Initially, Maine may appeal to this Court any adverse administrative resolution of its dispute and has expressed in argument before this Court its commitment to do so. Moreover, Plaintiff-Intervenors may appeal any administrative reevaluation of their eligibility and recover any benefits wrongfully withheld. Finally, economic harm in and of itself is not sufficient to constitute irreparable injury. *See McDonough v. Trustees of University of New Hampshire*, 704 F.2d 780, 784 n. 2 (1st Cir.1983). Although Plaintiff-Intervenors

attempt to characterize their TRA benefits as analogous to benefits paid to those individuals in desperate financial need, *see Coalition for Basic Human Needs v. King*, 654 F.2d 838, 841 (1st Cir.1981); *Dickenson v. Petit*, 536 F.Supp. 1100, 1108 (D.Me.), *aff'd*, 692 F.2d 177 (1st Cir.1982), the Court is not convinced that TRA benefits fall within this characterization. The Court notes that there is no statutory requirement of financial need as a predicate for receiving TRA benefits. Although the Court is empathetic with those Plaintiff-Intervenors whose financial need is indeed desperate, these parties have not convinced the Court that no other assistance would be available should they lose their TRA benefits. In light of these findings, the Court cannot characterize Plaintiff-Intervenors' injury as irreparable.

### 2. *Weighing the Competing Harms to Plaintiff-Intervenors, Defendants, and the Public Interest*

■ Plaintiff-Intervenors argue that any potential harm to DOL can be easily remedied by DOL's recovery of any overpayments to Plaintiff-Intervenors. This argument ignores the public interests involved. First, both DOL and the public have strong interests in the orderly development of the normal administrative processes. Despite Plaintiff-Intervenors' vague allegations of "bad faith," it is apparent to the Court that the Secretary is authorized by the relevant regulations to hold the current administrative proceeding. 19 C.F.R. § 91.63(e). It is clearly an abuse of discretion to enjoin lawful acts of an administrative agency insofar as those acts are within the agency's authority. *Southeastern Minerals, Inc. v. Harris*, 622 F.2d 758, 764–65 (5th Cir.1980). The Court finds that enjoining the administrative processes at this time, before an adequate record and a final decision based on that record is made, would contravene the public interest.

### 3. *Plaintiff-Intervenors' Likelihood of Success on the Merits*

■ The Court is also not convinced that Plaintiff-Intervenors have demonstrated a

likelihood of success on the merits. Although the issue is one of statutory construction, the Court notes that the Secretary is empowered to implement and interpret the statutory provisions. *E.g.,* 19 U.S.C. §§ 2291(a)(2), 2293(a)(3), 2294; 29 C.F.R. § 91.54. The Court must defer to an agency's construction of the statute under which it operates unless that construction is clearly contrary to law. *See Public Service Commission v. Mid-Louisiana Gas Co.,* 463 U.S. 319, 334–39 & n. 17, 103 S.Ct. 3024, 3033–35 & n. 17, 77 L.Ed.2d 668 (1983); *accord, Connecticut v. Schweiker,* 684 F.2d 979, 996–97 (D.C.Cir.1982) (district court erred in failing to issue injunctive relief against enforcement of agency regulations that were in clear contradiction of legislative intent), *cert. denied,* 459 U.S. 1207, 103 S.Ct. 1197, 75 L.Ed.2d 440 (1983). On the record before this Court, the Court is not prepared to find that this issue of statutory construction is likely to be resolved in favor of Plaintiff-Intervenors. The Court may therefore withhold injunctive relief if the order would frustrate apparent congressional policy and adversely affect the public interest. *Montana Contractors' Association v. Secretary of Commerce,* 439 F.Supp. 1331, 1334–35 (D.Mont. 1977).

### III.

In conclusion, the Court finds that it lacks jurisdiction to issue the requested relief because Plaintiff-Intervenors present no controversy that is ripe for resolution. In the alternative, assuming that the Court does have jurisdiction, it finds that Plaintiff-Intervenors have failed to sustain their burden of demonstrating the requisite grounds for relief. Accordingly, Plaintiff-Intervenors request for a Temporary Restraining Order, filed on October 16, 1986, is hereby DENIED, and it is hereby SO ORDERED. It is hereby FURTHER ORDERED (1) that the Defendants shall respond to Plaintiffs' Motion for Summary Judgment, filed on October 21, 1986, in accordance with Local Rule 19 and (2) that Defendant's oral motion for a stay of proceedings be, and it is hereby DENIED.