Leola **CUNNINGHAM, Lori Sampson,
Debra Thayer, and Cathy
Tyler, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF
LABOR, et al., Defendants.**

**Civ. No. 86–0262–P.**

United States District Court,
D. Maine.

Sept. 18, 1987.

On Amended Motion for Class Certification
Sept. 23, 1987.

---

Thomas D. Warreh, Pamela W. Waite, Asst. Attys. Gen., Augusta, Me., Kathleen C. Caldwell, Hugh Calkins, Bangor, Me., for plaintiffs.

Sandra M. Schraibman, James A. Gardner, Dept. of Justice, Civ. Div., Washing-

ton, D.C., David Collins, Asst. U.S. Atty., Portland, Me., for defendants.

### COURT'S MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART

GENE CARTER, District Judge.

This suit involves a challenge to the Department of Labor's regulations interpreting Title II, Section 231 of the Trade Act of 1974 ("the Act"), as amended in 1981 by P.L. 97–35, 19 U.S.C. § 2291 (1982), provisions governing worker eligibility for Trade Adjustment Assistance (TRA). This lawsuit was filed originally by officers of the Maine Department of Labor and Bureau of Employment Security. Four individuals— Leola Cunningham, Lori Sampson, Debra Thayer, and Cathy Tyler—then intervened and filed a separate complaint against Defendants, United States Department of Labor (DOL), William Brock, Secretary of the DOL, and Robert J. Semler, Acting Regional Administrator of the Employment and Training Administration, DOL. This Court granted, pursuant to Local Rule 19(c), Defendants' unopposed Motion to Realign Parties to reflect changes in the material interests of the parties. The four individuals, formerly plaintiff-intervenors, are now the named plaintiffs in this action, and Maine Department of Labor officials John Fitzsimmons and Seth W. Thornton, formerly plaintiffs, have been realigned as defendants and cross-claimants against the above-named defendants.

Now before the Court is Defendants' Motion to Dismiss the claims of Plaintiffs Leola Cunningham, Lori Sampson, Debra Thayer, and Cathy Tyler, on the grounds of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, Rules 12(b)(1) and 12(b)(6) of the Fed.R. of Civ.P. For the reaons stated herein, the complaints of Cunningham, Sampson and Thayer will be dismissed on the basis of lack of standing, but the complaint of Tyler will stand.

■ The question of standing requires a determination that a particular litigant is entitled to invoke the jurisdiction of a federal court to decide the merits of a dispute. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). Once standing is placed in issue, the court must undertake a two-step analysis involving both constitutional and prudential limitations. *Id.* The court must first determine that the litigant satisfies the requirements of Article III of the Constitution. *McKinney v. Department of Treasury,* 799 F.2d 1544, 1549 (Fed.Cir.1986). Once the court has determined that the constitutional requirements are satisfied, it must then consider whether any prudential limitations restrain the court's exercise of its judicial power. *Id.* Because this Court finds that Plaintiffs Cunningham, Sampson, and Thayer fail to satisfy the constitutional requirements for standing, it sees no need to consider the second prong of the two-step standing analysis with respect to their claims.

Article III of the Constitution confines the federal courts to the adjudication of actual "cases" and "controversies," imposing the limitation that a litigant seeking to invoke the federal court's jurisdiction must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 98, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979). The nature and severity of the injury that must be established has been interpreted variously by the Supreme Court as: a "personal injury," *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.* 454 U.S. 464, 485, 102 S.Ct. 752, 765, 70 L.Ed.2d 700 (1982); a "distinct and palpable" injury, *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 342, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); and a "specific present objective harm or threat of specific future harm," *Laird v. Tatum,* 408 U.S. 1, 14, 92 S.Ct. 2318, 2326, 33 L.Ed. 154 (1972). The Supreme Court has warned that "abstract," "conjectural," or "hypothetical" injury is insufficient to meet the Article III requirements. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983).

■ On the factual record before this Court, it must be concluded that Plaintiffs Cunningham, Sampson and Thayer have not established a real or threatened injury sufficient to satisfy the "case or controversy" requirement of Article III. All three individuals are presently receiving TRA benefits. Their eligibility was determined by using the "last separation" interpretation of § 231 that they allege is proper. To this date, they have suffered no cognizable injury as a result of the Department of Labor's alleged misinterpretation of § 231. Their harm, if any, will arise only in the future should the Maine DOL seek to recoup the overpayments made to them.[1]

Recoupment proceedings are not now threatened by either Maine or DOL. The likelihood of such recoupment action is not so substantial as to demonstrate that Plaintiffs are in immediate danger of sustaining some direct injury. The Secretary's regulations specifically provide that a state agency may waive the recovery of any overpayments if it determines that,

(i) The payment was made without fault on the part of such individual; and

(ii) Requiring such repayment would be contrary to equity and good conscience.

20 C.F.R. § 617.55(a)(1).

Defendants allege no instances of "fault" on the part of Plaintiffs sufficient to satisfy the Secretary's standards. 20 C.F.R. § 617.55(a)(2)(i)(A). Further, the Secretary's regulations require that "economic hardship" be considered when determining whether repayment would be contrary to equity and good conscience. Consequently, the same regulations authorizing recoupment actions also would provide strong authority for "waiver" in these three Plaintiffs' cases.

These Plaintiffs have not shown, therefore, that they have sustained or are in immediate danger of sustaining some direct injury. *Los Angeles v. Lyons*, 461

U.S. at 102, 103 S.Ct. at 1665. The possibility of future administrative proceedings to recoup overpayments is not a sufficiently "real and immediate" threat to satisfy Article III requirements. *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 109–10, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1968). These three Plaintiffs fail to satisfy the threshold constitutional requirements for this Court to take jurisdiction, and therefore this Court's standing analysis need go no further. The court must dismiss their claims for lack of subject-matter jurisdiction.

■ Plaintiff Tyler is differently situated. Unlike her co-plaintiffs, Ms. Tyler has been issued a final state administrative decision based on the use of the Secretary's challenged "first separation" policy. She has therefore suffered a distinct and palpable injury in the loss of those benefits, thereby satisfying the "case or controversy" jurisdictional requirements of Article III. Effective January 22, 1987, the DOL formalized its position regarding the statutory language in § 231, adopting regulations that further defined the scope of TRA benefits and mandated the "first separation" policy. 20 C.F.R. § 617.11. This regulation qualifies as a "final agency action" within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C. § 704, and therefore there exists a live controversy presenting a justiciable issue of law not present when this Court previously denied injunctive relief in October, 1986. *See McDonough v. United States Department of Labor*, 646 F.Supp. 478 (D.Me.1986).

Defendants argue that Ms. Tyler's claims must be dismissed because the remedy she seeks, a "state redetermination of her TRA application using the 'last separation' interpretation, is a remedy a federal court is powerless to award." They reason that because the Trade Act requires an applicant's entitlement to TRA to be determined exclusively according to the provisions of state law,[2] the principles of *res judicata* apply and preclude Ms. Tyler, and this

---

1. The Secretary of the Department of Labor has promulgated regulations providing for state agencies to collect TAA overpayments unless waiver is appropriate. 20 C.F.R. § 617.55(a)(1) and (a)(4) (1987).

2. 19 U.S.C. § 2311(d).

Court, from reopening her final administrative judgment. This argument is but one example of the position adopted by the DOL in much of its litigation over TRA eligibility under the Act; namely, that § 2311(d) irrevocably commits to state processes all claims relating to TRA entitlement.

The Defendants' argument evidently is based on the "prudential limitation" prong of the two-step standing analysis. They rely on the requirement that there be a "substantial likelihood" that the relief requested by a litigant will redress the claimed injury. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 75 n. 20, 98 S.Ct. 2620, 2631, 57 L.Ed.2d 595 (1978). Since this Court is powerless to award the relief requested, the Defendants argue, Plaintiff Tyler lacks standing. The Defendants seem to argue as well that this same analysis warrants dismissal for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants' argument does not hold up under closer scrutiny. First, this argument misses the point of Ms. Tyler's claims. Similar to the action brought in *International Union, UAW v. Brock*, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986), this action does not directly seek TRA benefits nor challenge the § 2311(d) requirement that individual benefit determinations must remain the province of state authorities. *Id.*, 106 S.Ct. at 2530. Ms. Tyler challenges the statutory interpretation of § 231 adopted by the Secretary of Labor, not the state agency's application of the Secretary's regulations to benefit claims of individual employees. The almost identical factual situation in *International Union* persuaded the Supreme Court that it needed to once again articulate its well-established principle that:

> although review of individual eligibility determinations in certain benefit programs may be confined by state and federal law to state administrative and judicial processes, claims that a program is being operated in contravention of a federal statute or the Constitution can nonetheless be brought in federal court.

This Court therefore finds no jurisdictional bar posed by § 2311(d) to Plaintiffs' claims in federal court challenging a federal agency's interpretation of a federal statute. Further, this Court finds no reason to explore questions of *res judicata* or finality with respect to the judgment rendered on Ms. Tyler's individual claim in the state administrative forum. Plaintiffs' amended complaint, dated March 20, 1987, asks this Court to "order Defendant to require its agents [Maine Department of Labor] ... to redetermine Plaintiff-Intervenor Tyler's entitlement to Basic T.R.A. and Additional T.R.A. weekly benefits ... based on their 'last separation' from employment prior to application." This type of relief with respect to § 2311(d) was specifically sanctioned by the United States Court of Appeals, District of Columbia Circuit, in *International Union, UAW v. Brock*, 816 F.2d 761, 769 (D.C.Cir.1987):

> In other words, in this case, given the express mandate of the Trade Act regarding the administration and enforcement of the TRA program, the District Court need not concern itself with questions of *res judicata* or finality with rexpect to judgments rendered on individual claims in state judicial or administrative forum. Rather, the District Court's order should focus solely on the Secretary's directives to the state agencies, and to the responsibilities of the state agencies insofar as they act as "agents" of the Secretary in administering the Trade Act.

The relief prayed for is squarely within the bounds of the Secretary of Labor's authority, and state agencies are bound to administer TRA benefits as "agents" of the United States, 19 U.S.C. §§ 2311(a), 2313(a). As was foreseen by the Supreme Court in *International Union*, 106 S.Ct. at 2534, the state agencies would obey a directive by the Secretary to reprocess any TRA claims wrongfully denied. The *International Union* Court added that "since state agencies are fully reimbursed by the federal government for the TRA benefits they pay and for the administrative costs of processing those payments, it seems unlikely that a directive from the Secretary

would meet any resistance from its agents." *Id.* This Court therefore finds that there is a substantial likelihood that the relief requested by Plaintiff Tyler will redress her claimed injury of denied benefits, and Plaintiff thus satisfies the second prong of the two-step standing analysis, *see Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 75 n. 20, 98 S.Ct. 2620, 2631 n. 20, 57 L.Ed.2d 595 (1978). Additionally, as this analysis makes evident, she clearly has stated a claim upon which relief may be granted.

*   *   *

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendants' Motion to Dismiss the claims of Plaintiff Tyler be, and hereby is, DENIED;

(2) Defendant's Motion to Dismiss the claims of Plaintiffs Cunningham, Sampson, and Thayer be, and hereby is, GRANTED.

## ON AMENDED MOTION FOR CLASS CERTIFICATION

This matter involves a challenge to the Department of Labor's regulations interpreting Title II, Section 231 of the Trade Act of 1974, as amended in 1981 by P.L. 97–35, 19 U.S.C. § 2291 (1982), provisions governing worker eligibility for Trade Adjustment Assistance (TRA).

Before the Court is Plaintiffs' Amended Motion for Class Certification. Plaintiffs request certification of two subclasses:

(A) All individuals in the State of Maine who have been disallowed or will be disallowed any weeks of Basic Trade Readjustment Allowances, or Additional TRA because of the Maine Department of Labor's application of federal policy, as that policy is described in present federal regulations at 20 C.F.R. § 617.3(p), § 617.3(t), 617.11(a)(2), § 617.13(a), and § 617.15, and whose disallowance of benefits is caused by the interpretation of those regulations to require the use of "first separation after the impact date" in determining an individual's TRA eligibility period, or to require an individual's TRA eligibility period to begin prior to the first week

following the week in which that individual has received the maximum unemployment compensation benefits to which he was, or would be, entitled.

(B) All individuals in the State of Maine who were granted Basic TRA benefits and Additional TRA benefits under the Maine D.O.L. "last separation" policy (effective May 1, 1986 through January 21, 1987), in contravention of U.S.D.O.L. policy interpreting 19 U.S.C. § 2291(a)(1) and 19 U.S.C. § 2293(a)(2) and § 2293(b).

Subclass (B) consists of individuals who were granted, and are currently receiving, TRA benefits. These individuals are in the same or substantially similar position as named plaintiffs Cunningham, Sampson, and Thayer. This Court has recently determined that those three Plaintiffs lacked standing to assert their claims in federal court. *Cunningham v. United States Department of Labor*, 670 F.Supp. 1062, 1065 (D.Me.1987). These subclass members have therefore lost their named representatives, and this Court could not take jurisdiction of the remaining members' claims for the same reason that it could not for Cunningham, Sampson, and Thayer: they simply have not suffered a real or threatened injury substantial enough to satisfy the "case or controversy" requirement of Article III of the Constitution. Class certification is therefor inappropriate.

Plaintiff Tyler is differently situated from her fellow named Plaintiffs, for she has been denied TRA benefits under U.S.D.O.L.'s challenged regulations and thus has been determined to have standing. *Cunningham*, supra. She evidently would be the named representative of subclass (A). That which would be "typical" about all of these class members claims is their challenge to the Secretary's interpretation of Title II, Section 231 of the Trade Act of 1974, as amended in 1981 by P.L. 97–35, 19 U.S.C. § 2291 (1982). Plaintiffs state in their accompanying memorandum that although there are different employers, different separation dates, and different amounts of benefits sought, the "key legal issue" and "common question of law" involves the Secretary's allegedly improper interpretation of Congressional intent with

respect to § 231. Plaintiff brings the class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

At the outset, the Court notes that there is a serious question as to whether Plaintiff Tyler and Subclass (A) meet the numerosity prerequisite of Rule 23(a). Assuming that they do, this Court nevertheless finds class certification under 23(b)(2) to be inappropriate.

■ The First Circuit has approved of the denial of Rule 23(b)(2) certification where it is a "formality or otherwise inappropriate". *Dionne v. Bouley,* 757 F.2d 1344 (1st Cir.1985). Class certification may be inappropriate where the same relief, or substantially the same relief, may be obtained through an individual injunction or corresponding declaratory relief. 3 B.J. Moore & J. Kennedy, *Moore's Federal Practice* § 23.40[3], at 23–297 n. 13 (2d ed. 1982). This is such a case. Should the Court decide that the Secretary's interpretation of the statute is contrary to Congressional intent, then all members of the proposed class who had been denied benefits because of that interpretation would be entitled to seek redress from the appropriate state administrative agency. All future TRA applicants would likewise benefit as they would not be denied benefits on the basis of the challenged regulations. There is no present showing of any reason to believe that the Secretary will not respect prospectively this Court's ruling on Ms. Tyler's claim concerning the legality of these regulations. If he should not, the time of such refusal will be a more appropriate time for class certification on behalf of all persons then aggrieved by such refusal. Under the present circumstances, class certification is both unnecessary and inappropriate.

\* \* \*

For the foregoing reasons, it is hereby ORDERED that Plaintiffs Amended Motion for Class Certification will be, and hereby is, DENIED.

