ORIENTAL HEALTH SPA, its Manager and Employees, and Martha Clampitt d/b/a Tender Touch, Plaintiffs–Appellants,

v.

CITY OF FORT WAYNE, Defendant–Appellee.

Nos. 88–1773, 88–1774.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 30, 1988.

Decided Dec. 15, 1988.

Hugh N. Taylor, Romero & Thonert, Stanley L. Campbell, Swanson & Campbell, Ft. Wayne, Ind., for plaintiffs-appellants.

J. Timothy McCaulay, Corp. Counsel City of Ft. Wayne, Helmke, Beams, Boyer & Wagner, Ft. Wayne, Ind., for defendant-appellee.

Before CUMMINGS, FLAUM and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiffs Oriental Health Spa [1] and Martha Clampitt appeal from the district court's decisions granting summary judgment in favor of the defendant City of Fort Wayne. Plaintiffs are seeking equitable relief in the form of a declaratory judgment and a permanent injunction on the basis that the City of Fort Wayne's recently enacted ordinance regulating massage parlors is unconstitutional. We affirm.

## I. Factual Background and Proceedings Below

In 1987 the City of Fort Wayne, Indiana, enacted an ordinance governing the regulation of massage and nude modeling establishments. The new ordinance, Massage and Nude Modeling, Special Ordinance No. S–46–87, reproduced in part in the Appendix hereto, is a licensing ordinance that supersedes a predecessor. When enacting the later ordinance, the City Council allegedly expressed as its legislative intent the elimination of prostitution at such establishments as well as the promotion of public health.

The ordinance requires a person seeking a license to operate a massage establishment to file an application, accompanied by a $500 annual licensing fee, with the City. The application must encompass a broad spectrum of detailed information, including backgrounds and photographs of managers, employees and investors associated with the establishment. Licenses may be denied or revoked for a variety of reasons listed in the ordinance. Among the reasons are incomplete application, failure to include the filing fee, prior conviction of the applicant or a manager for a felony involving force or a crime of sexual misconduct, and acts which would constitute prostitution, gambling or a narcotics offense. Certain operating requirements and limitations are also imposed. Massage and nude modeling establishments are limited to designated hours of operation, prohibited from using studio doors which are capable of being locked from the inside, and further prohibited from engaging in heterosexual massage.

In Appeal No. 88–1773 plaintiff Oriental Health Spa is a massage establishment located in Fort Wayne, Indiana. It originally filed suit in Allen County Circuit Court prior to the May 1, 1987, effective date of the new ordinance, seeking preliminary injunctive and declaratory relief from the ordinance premised upon a host of constitutional challenges. At the time, Oriental

---

**1.** As used herein, Oriental Health Spa includes its manager and employees who were co-plaintiffs.

Health Spa was licensed under the previous ordinance but feared denial under the new ordinance. The action was removed by the City to federal court under 28 U.S.C. § 1441.

In Appeal No. 88–1774 plaintiff Martha Clampitt is a professional masseuse and the operator of Tender Touch, another massage establishment in Fort Wayne. She also filed suit in Allen County Circuit Court seeking relief from the new ordinance premised upon various constitutional claims. Again the City removed the action to federal court.

On August 21, 1987, the district court dismissed a number of the claims. The remaining claims were decided by summary judgment in favor of the City on March 21, 1988 (*Clampitt v. City of Fort Wayne*, 682 F.Supp. 401 (N.D.Ind.1988)), and on March 22, 1988 (*Oriental Health Spa v. City of Fort Wayne*, unreported, No. F–87–114 (N.D. Ind. March 22, 1988)). Both plaintiffs appeal from the summary judgments against them. On the only viable claims here on appeal, Oriental Health Spa argues that the new ordinance denies due process of law as required by the Fourteenth Amendment. Clampitt argues that the new ordinance is a denial of equal protection as guaranteed by that amendment. Other constitutional challenges are no longer involved.

## II. Summary Judgment

Summary judgment is properly granted only when no genuine issues exist as to any material facts, and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We must review all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). The party opposing summary judgment may not simply rest on the pleadings but must affirmatively demonstrate, by specific factual showings, that there is a genuine issue of material fact requiring trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Tangential issues not relevant to the determination of the case are not material, and disputes as to such issues are insignificant for summary judgment purposes. The materiality of a fact is judged according to the substantive law governing the case. *Anderson*, 477 U.S. at 254–55, 106 S.Ct. at 2513.

At the summary judgment stage, the district judge's function is not to weigh the evidence to determine the truth but rather to determine whether there is an issue for trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). If there is no triable issue, the district judge should enter judgment. The proper standard mirrors the directed verdict standard, Fed.R.Civ.P. 50(c), *viz.*, the district judge must direct a verdict if under the governing law there can only be one reasonable conclusion as to the verdict. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511 (additional citations omitted).

## III. Procedural Due Process

■ Plaintiff Oriental Health Spa challenges the ordinance on due process grounds, arguing that insufficient procedural due process is accorded to license denials and revocations. Rather than consider the merits, we are compelled to dismiss Oriental Health Spa's claim for lack of jurisdiction. Oriental Health Spa lacks standing to complain about the license denial provisions of the ordinance and does not yet have a ripe claim for review as to the revocation and suspension provisions of the ordinance. Where an appellant lacks standing to assert its claim or the claim is not ripe for review, Article III mandates that the claim be dismissed.

Oriental Health Spa is a massage establishment located in Fort Wayne, Indiana. Oriental Health Spa was licensed as a massage establishment under Fort Wayne's

1977 ordinance regulating massage establishments. Following the amendment to the massage ordinance in 1987, Oriental Health Spa applied for and received a new license to engage in the massage business. Oriental Health Spa admitted at oral argument that under neither the present ordinance nor the predecessor ordinance has it ever been threatened with revocation or suspension of its license.

Despite the fact that it has been granted a license and has never been threatened with license revocation or suspension, on appeal Oriental Health Spa challenges only the license denial and suspension and revocation provisions of the 1987 ordinance under the due process clause of the Fourteenth Amendment. According to Oriental Health Spa, the ordinance violates procedural due process by failing to provide for "notice of the accusation to the accused and ... opportunity to be heard" upon denial of a license. The ordinance also violates due process, this plaintiff says, because it fails to require a stay of revocation pending a hearing when the City seeks a license revocation or suspension.

Oriental Health Spa lacks standing to assert that the license denial provisions violate the due process clause. In order to have standing the plaintiff " 'must show that he personally has suffered some *actual or threatened* injury as a result of the putatively illegal conduct of the defendant; and that the injury is likely to be redressed by a favorable decision.' " *Heckler v. Mathews*, 465 U.S. 728, 738, 104 S.Ct. 1387, 1394, 79 L.Ed.2d 646 (1984) (citations omitted) (emphasis added). In this case Oriental Health Spa has suffered neither actual nor threatened injury by virtue of the license denial provisions of the 1987 ordinance.

Oriental Health Spa admits that it received a license under the ordinance but states that the threat of denial is sufficient to sustain this action and cites *Illinois Psychological Association v. Falk*, 818 F.2d 1337, 1344 (7th Cir.1987), to support this position. Initially, even if plaintiff's reading of *Falk* were correct, it has not been threatened with denial of its license. To

the contrary, Oriental Health Spa did receive a license under the statute. More importantly, *Falk* does not support this plaintiff's position. In *Falk*, the plaintiffs were a group of psychologists who claimed that a rule, which would have had the effect of denying them hospital staff membership, was passed without notice and hearing in violation of the due process clause. The court, without discussing the issue of standing, reached the merits of the plaintiffs' due process claim. The court reached the merits in *Falk* because the challenged rule clearly "threatened injury" to the psychologists. The same cannot be said of the provision here. Oriental Health Spa offered no evidence that the ordinance presented a threat of injury to its interests. Thus it lacks standing to challenge the license denial provisions of the ordinance under the due process clause.

■ Similarly, Oriental Health Spa's challenge to the suspension and revocation procedures contained in the ordinance is not ripe for review. The basic rationale of the ripeness doctrine is to prevent courts from entangling themselves in abstract disagreements and to protect government from "judicial interference until a ... decision has been formulated and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Thus this Court cannot entertain a claim which is based upon " 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580–581, 105 S.Ct. 3325, 3333, 87 L.Ed.2d 409 (1985) (quoting 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3532 (1984)).

In this case Oriental Health Spa admits that it has not been threatened with revocation or suspension of its license. In fact, the City has never threatened any establishment with revocation or suspension under the present ordinance. Thus any decision we would reach on this part of Oriental Health Spa's claim would be premature and, therefore, its case is not ripe for re-

view. See *Allendale Leasing, Inc. v. Stone,* 614 F.Supp. 1440 (D.R.I.1985), affirmed, 788 F.2d 830 (1st Cir.1986) (procedural due process claim against bingo license revocation and suspension procedures held not ripe for review where the state had not revoked or suspended the plaintiff's license).

## IV. Equal Protection

Plaintiff Clampitt challenges the ordinance based on equal protection grounds under the Fourteenth Amendment. The equal protection clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Her principal argument is that she has raised substantial factual issues requiring a trial, but we agree with Judge Lee that she "has offered no evidence to rebut the presumption of constitutionality." 682 F.Supp. at 407.

Clampitt offers little in the way of suggestions as to how the ordinance violates the equal protection clause, and we, like the district court before us, are left guessing how the ordinance might violate that provision. Unless a regulation challenged as violating the equal protection clause involves a suspect classification or a fundamental right, the regulation must be upheld if it is rationally related to a legitimate state interest. *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976). There is nothing to suggest that a denial of a fundamental right is in issue. See, *e.g., City of Cleburne,* 473 U.S. at 440–42, 105 S.Ct. at 3254–55; *Pollard v. Cockrell,* 578 F.2d 1002, 1112–1113 (5th Cir.1978). Moreover, the only classification evident in the ordinance is between massage establishments covered by the ordinance and those businesses, including exempted massage establishments, not similarly regulated; thus no suspect classification is involved. Consequently, the ordinance was rightly judged by the district court under a rational basis analysis. Clampitt concedes as much in her brief, noting "the [district] court correctly states that the constitutionality of

the ordinance 'will ultimately be upheld unless the Plaintiff can * * * show that the challenge [sic] provisions are not rationally related to [a] legitimate state interest' " (Br. 9, quoting district court, 682 F.Supp. at 405).

█ Legislative bodies are presumed to have acted constitutionally, even in the absence of an express policy favoring the enactment of a law. The state or municipal interest is presumed to be legitimate. Accordingly, a classification need not be justified by the government; rather, as conceded by Clampitt (Br. 9), the party challenging the ordinance has the burden of demonstrating that no conceivable legitimate public interest is furthered by the classification. *Minnesota v. Clover Leaf Creamery,* 449 U.S. 456, 465, 101 S.Ct. 715, 724, 66 L.Ed.2d 659 (1981); *Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 949–50, 59 L.Ed.2d 171 (1979); *McDonald v. Board of Election Comm'ners,* 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969).

The City argues the ordinance was enacted in response to a legislative interest to combat illegal sexual conduct and promote the public health. Along with its motion for summary judgment, the City submitted a videotape of the City Council proceedings in which this ordinance was enacted. The videotape indicates that the ordinance was in fact enacted in furtherance of the aforementioned interests.

█ Clampitt argues that consideration of the videotape by the trial court was improper. On motion for summary judgment a district court is authorized to consider materials beyond the pleadings which would be admissible at trial. *First National Bank v. Insurance Co. of North America,* 606 F.2d 760, 766 (7th Cir.1979); C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2722 pp. 56–58 (2d ed. 1983). The videotape was properly qualified as an exception to the hearsay rule under Federal Rule of Evidence 803(8), as an official public record. Affidavits submitted on behalf of the City establish that the videotape, obtained from the Clerk of the City of Fort Wayne, was the only

record of proceedings of that session of the City Council. As an official public record of the City Council proceedings, the videotape would have been admissible at trial and could properly be considered on motion for summary judgment. Clampitt has not shown why there was any need to cross-examine the persons recorded on the videotape. Moreover, the fact that the videotape may have been edited is not necessarily error, since parties have a responsibility not to overburden the court with useless information. Just as reams of documents may be edited, so too a videotape may be edited, provided of course that it is properly authenticated and otherwise reliable. Finally, Clampitt does not challenge the underpinning of the videotape revealing that the dual purpose of the ordinance was to eliminate prostitution and promote the public health.

■ The apparent denial of an opportunity to review the videotape during the motion for summary judgment stage is disturbing. The City of Fort Wayne reportedly failed to provide a copy of the tape to counsel for Clampitt, rendering her unable to attack its contents in the district court. In fact, she was under the impression that the videotape was not before the district court (R. Item 40). Nevertheless, the failure to provide Clampitt's counsel with a copy of the videotape does not require reversal of the summary judgment. Since it was Clampitt's burden to show that no conceivable legitimate public interest could exist for the legislation, the City's submission of the videotape was simply gratuitous. The rationale for the ordinance as enunciated in the videotape was obviously the motivation for the ordinance; Clampitt failed to offer any argument that prostitution and public health were not the bases for its enactment, or that those bases are not legitimate public interests. Thus even if the videotape had not been considered below, Clampitt did not satisfy her burden. It may have been indiscreet for the trial judge to consider the videotape if the City actually failed to provide Clampitt an opportunity to review and challenge the videotape. Nevertheless, there was no substantial impact upon the rights of Clampitt since the videotape merely reiterated patent reasons for the ordinance. Such harmless error with respect to the admission or exclusion of evidence is not cause for reversal. Fed.R.Civ.P. 61.

■ While the municipal interest here was plainly legitimate, the ordinance must be rationally related to the achievement of the interest in order to satisfy the equal protection clause. This ordinance cannot be found unconstitutional simply because the classification lacks "mathematical nicety or because in practice it results in some inequity." *Matthews v. Lucas*, 427 U.S. 495, 510, 96 S.Ct. 2755, 2764, 49 L.Ed.2d 651 (1976). It is immaterial that there may have been another possible means of accomplishing the City's purpose or that it may not completely accomplish the intended end. Instead, "reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Vaden v. Village of Maywood*, 809 F.2d 361, 365 (7th Cir.1987), certiorari denied, —— U.S. ——, 107 S.Ct. 2489, 96 L.Ed.2d 381.

The new ordinance may be more onerous than its predecessor and Clampitt may be burdened and troubled by the requirements imposed under the new ordinance. But such recognition does not impact upon the proper, narrow analysis: Does the ordinance appear rationally related to achieving the legitimate interests of curtailing illegal sexual conduct and promoting the public health? Plainly the ordinance is rationally related to these ends.

■ To the extent that the annual $500 licensing fee is challenged, the imposition of such a fee is a valid exercise of legislative authority. *E.g., Harper v. Lindsay*, 616 F.2d 849 (5th Cir.1980); *Stansberry v. Holmes*, 613 F.2d 1285 (5th Cir.1980); *Broadway Books v. Roberts*, 642 F.Supp. 486 (E.D.Tenn.1986). The City Council concluded that the $500 fee was necessary to defray reasonable costs of administration of the ordinance, and Clampitt has failed to offer any argument to the contrary. Since the $500 fee is rationally

related to achieving a legitimate interest, it does not violate the equal protection clause.

The ordinance's requirements such as prohibition of studio doors with interior locks, no opposite sex massages, limitation of operating hours, mandatory background information as to employees, and cleanliness standards clearly are all rationally related to the stated goals. Moreover, the City's decision to exempt certain licensed practitioners, *i.e.*, hospitals, chiropractors and graduates of certified schools, appears reasonably grounded on the belief that the exempted practitioners are regulated through other means and are less likely to threaten the City's interests. Clampitt does not dispute this. Instead, she merely argues that the requirements are burdensome,[2] but that is beside the point. As long as the chosen scheme rationally "advances a reasonable and identifiable governmental objective, we must disregard the existence of other methods of allocation that we, as individuals, perhaps would have preferred." *Schweiker v. Wilson*, 450 U.S. 221, 235, 101 S.Ct. 1074, 1083, 67 L.Ed.2d 186 (1981). If this ordinance is an improvident act of the City Council, it is for the political process, not this Court, to correct.

█ Numerous state courts have upheld similar ordinances, and the Supreme Court of the United States on a number of occasions has declined review due to lack of a substantial federal question.[3] *City of Indianapolis v. Wright*, 267 Ind. 471, 371 N.E.2d 1298 (1978), appeal dismissed for want of substantial federal question, 439 U.S. 804, 99 S.Ct. 60, 58 L.Ed.2d 97; *Smith v. Keator*, 285 N.C. 530, 206 S.E.2d 203 (1974), appeal dismissed for want of substantial federal question, 419 U.S. 1043, 95

S.Ct. 613, 42 L.Ed.2d 636; *Rubenstein v. Township of Cherry Hill* (N.J.Sup.Ct., unreported, Jan. 29, 1972), appeal dismissed for want of substantial federal question, 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136; *Kisley v. City of Falls Church*, 212 Va. 693, 187 S.E.2d 168 (1972), appeal dismissed for want of substantial federal question, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169. The federal courts are in accord. See, *e.g.*, *Mini Spas v. South Salt Lake City*, 810 F.2d 939 (10th Cir.1987); *Harper v. Lindsay*, 616 F.2d 849 (5th Cir. 1980); *Pollard v. Cockrell*, 578 F.2d 1002 (5th Cir.1978); *Brown v. Brannon*, 399 F.Supp. 133 (M.D.N.C.1975), affirmed, 535 F.2d 1249 (4th Cir.1976); *Wigginess, Inc. v. Fruchtman*, 482 F.Supp. 681 (S.D.N.Y. 1979).

## V. Conclusion

Neither claim before us presents issues of fact requiring a trial. Oriental Health Spa's due process argument cannot be considered due to lack of jurisdiction. Oriental Health Spa lacks standing to challenge the license denial procedures, since it has been granted a license and has not been threatened with denial. Moreover, its claim regarding license suspension and revocation is not ripe since it never had its license suspended or revoked, nor has it ever been threatened with suspension or revocation.

Martha Clampitt has only offered testimony regarding the more burdensome nature of the new ordinance. As a factual matter, this is undisputed. But the only issues that are material for an equal protection determination here are whether a conceivable legitimate municipal interest exists and, if so, whether the ordinance is rationally related to that interest. Clam-

---

**2.** In her affidavit opposing summary judgment, Clampitt attests to the burdens imposed upon her by the new ordinance. For example, the detailed information required of all employees would hinder her ability to attract competent employees, the time limitations would curtail business from clients with late workdays, and the prohibition of opposite sex massages would hinder business. While she may suffer such hardships, they do not suffice to show that the ordinance violates the equal protection clause as adequately explained below. 682 F.Supp. at 406, 407–08.

**3.** Based on the doctrine of *Hicks v. Miranda*, 422 U.S. 332, 334, 95 S.Ct. 2281, 2284, 45 L.Ed.2d 223 (1975), precedential value is to be accorded to the Supreme Court's decisions that such cases do not present a substantial federal question. Appeals dismissed for want of a substantial federal question are adjudications on the merits, although lower courts must sometimes ascertain "the reach and content of [these] summary actions." *Id.* at 345 n. 14, 95 S.Ct. at 2290 n. 14.

pitt has failed to address either issue satisfactorily.

Finally, neither plaintiff was able to offer a single instance of a determination that a similar ordinance or licensing scheme was unconstitutional. In contrast, similar, if not identical, ordinances have been upheld in all cases discovered in our research.

The decisions of the district court are affirmed.

## APPENDIX

Section 7–6 of Fort Wayne's Special Ordinance No. S–46–87 (effective May 1, 1987) provides:

Sec. 7–6. Cause for denial, revocation or suspension of license.

The city controller may deny, revoke, or suspend an establishment license for the following reasons:

(a) The correct license fee has not been tendered to the city.

(b) The applicant for, or holder of, a license, if an individual; or any of the stockholders holding more than ten (10) per cent of the stock of the corporation, any of the officers and directors, if the applicant or license holder is a corporation; or any of the partners, including limited partners, if the applicant or license holder is a partnership; or the manager or any other person principally in charge of the massage or nude modeling establishment, has been convicted of any of the following offenses or convicted of an offense without the State of Indiana that would have constituted any of the following offenses if committed within the State of Indiana, in the past five (5) years:

(1) An offense involving the use of force or violence upon the person of another that amounts to a felony pursuant to the laws of the State of Indiana.

(2) An offense involving sexual misconduct, which constitutes a felony or misdemeanor under the laws of the State of Indiana.

(c) The applicant for or holder of a license has knowingly made any false, misleading, or fraudulent statement of fact in the license application, or in any document required by the city in connection with this article.

(d) The applicant or license holder has had an establishment, massagist, or other similar permit or license denied, revoked, or suspended by the city or any other state or local agency within the past five (5) years.

(e) The applicant, if an individual, or any of the officers and directors, if the applicant is a corporation; or any of the partners, including limited partners, if the applicant is a partnership; and the manager or other person principally in charge of the operation of the business, is not over the age of twenty-one (21) years.

(f) The application was not completely filled out or the application was not correctly filled out.

(g) The establishment would not comply with all applicable laws, including but not limited to, the city's building, zoning, and health regulations, and with this article.

(h) Any person has committed, on the premises of the establishment, an act that would constitute prostitution pursuant to the laws of the State of Indiana, or any offense involving narcotics, dangerous drugs, or gambling, whether or not such person has been convicted of such prostitution, narcotics, dangerous drugs or gambling offense under the laws of the State of Indiana.

(i) The establishment or any employee of the establishment has not complied with the provisions of this article.