Carl Himes, pro se.

James P. Boone, Caron & Boone, Saco, Me., for defendants.

**Carl HIMES, Plaintiff,**

v.

**Mark JOHNSON, et al., Defendants.**

**Civ. No. 91–0228–P.**

United States District Court,
D. Maine.

Sept. 9, 1991.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GENE CARTER, Chief Judge.

This case involves a challenge by the Plaintiff to the constitutionality of the City of Saco's municipal ordinance regulating massage establishments (Article IX of Chapter 15 of Licenses and Business Regulations). Plaintiff is the owner of an establishment in the City of Saco named Absolute Relaxation Spa, formerly Absolute Massage. He alleges that the ordinance violates his constitutional rights under the first and fourteenth amendments. Plaintiff sought a temporary restraining order

and preliminary injunction, which this Court denied on July 25, 1991 for failure to demonstrate a likelihood of success on the merits.

Defendants now move to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted by this Court. For the reasons that follow, the Court will grant the motion.

## I. *Justiciability*

■ Plaintiff brings his Complaint alleging the unconstitutionality of the massage establishment ordinance of the City of Saco even though he has not yet applied for a license, as he is required to do by the ordinance. Saco, Me, Code Ordinance ch. 15, art. IX, § 15–907 (1991). "Article III of the Constitution confines the federal courts to the adjudication of actual 'cases' and 'controversies.'" *Cunningham v. United States Dep't of Labor*, 670 F.Supp. 1062, 1064 (D.Me.1987). A justiciable controversy arises where the plaintiff has standing and the controversy is ripe for review. *See, e.g., Ozonoff v. Berzak*, 744 F.2d 224, 227 (1st Cir.1984) (standing); *McDonough v. United States Dep't of Labor*, 646 F.Supp. 478, 481 (D.Me.1986) (ripeness). In order to have standing, the plaintiff "must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant...." *Cunningham*, 670 F.Supp. at 1064 (quoting *Gladstone, Realtors v. Village of Bellowood*, 441 U.S. 91, 98, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979)). The plaintiff must have a "personal stake in the outcome of the litigation; this requirement is met only if the claimant can demonstrate a distinct and palpable injury to himself that has been caused by the challenged conduct and is redressable through a favorable judicial decision." *Allendale Leasing, Inc. v. Stone*, 614 F.Supp. 1440, 1447–48 (D.C.R.I.1985), *aff'd*, 788 F.2d 830 (1st Cir. 1986). Moreover, "the Supreme Court has warned that 'abstract,' 'conjectural,' or 'hypothetical' injury is insufficient to meet the Article III requirements." *Cunningham*, 670 F.Supp. at 1064 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02,

103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983)).

Courts have addressed the issue of standing in cases in which plaintiffs have challenged the constitutionality of ordinances regulating massage establishments. *See, e.g., Oriental Health Spa v. Fort Wayne*, 864 F.2d 486, 489 (7th Cir.1988) (Oriental Health Spa lacked standing to challenge the constitutionality of massage ordinance license denial provisions because it had suffered neither actual nor threatened injury); *Oster v. City of New Orleans*, 631 F.2d 71, 72 (5th Cir.1980) ("Because there were no charges pending against them, the plaintiffs in this case have not shown the requisite substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgement....") Where a plaintiff does not allege in his complaint that he has ever applied for a massage establishment license, plaintiff lacks standing to "attack the regulatory aspects of the ordinances." *Morgan v. Detroit*, 389 F.Supp. 922, 930 (E.D.Mich.1975).

Courts have recognized the interrelationship between the two justiciability doctrines of standing and ripeness. *McDonough*, 646 F.Supp. at 481. *See also Allendale Leasing*, 614 F.Supp. at 1447. "Although issues of ripeness tend to overlap with issues of standing ... the ripeness doctrine focuses on the types of functions that courts should perform; its foundation lies in the Article III requirement of a 'case' or 'controversy.'" *McDonough*, 646 F.Supp. at 481. The premise of the ripeness doctrine is to protect government from "'judicial interference until a ... decision has been formulated and its effects felt in a concrete way by the challenging parties.'" *Oriental Health Spa*, 864 F.2d at 489 (7th Cir.1988) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)).

## II. *Discussion*

■ This Court's federal judicial power is confined to actual cases and controversies. Plaintiff's claim is non-justiciable because it does not present an actual case

or controversy. Plaintiff does not have standing to sue and, further, his challenge to the City of Saco's ordinance is not ripe for review. Plaintiff admits in his "Memorandum in Support of Motion for a Temporary Restraining Order and/or Preliminary Injunction" dated July 18, 1991 that he has never applied for a license under the city ordinance.[1]

Plaintiff lacks standing because he has not suffered any "distinct and palpable injury to himself that has been caused by the challenged conduct." *Allendale Leasing,* 614 F.Supp. at 1441–48. Given that the Plaintiff never applied for a license, the City of Saco has neither deprived him of a license nor revoked an existing license. As a result, Plaintiff has not suffered any "distinct and palpable injury" arising from the Defendants' conduct.

Moreover, Plaintiff's claim must be held nonjusticiable on the basis that it is not yet ripe for review. As the court in *Allendale Leasing* noted, "the ripeness doctrine generally precludes federal courts from exercising jurisdiction over cases involving 'uncertain or contingent events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 1448 (quoting 13A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3532 (1984)). Here, Plaintiff's claim involves such an "uncertain or contingent event" because he has not yet applied for a license and, hence, any potential action by the Defendants is theoretical, not actual. Hence, Plaintiff's claim at this time is nonjusticiable because of the absence of ripeness and a lack of standing. "Where a[ ] [claimant] lacks standing to assert its claim or the claim is not ripe for review, Article III mandates that the claim be dismissed." *Oriental*

*Health Spa,* 864 F.2d at 488. In the absence of justiciability, the Court will not address the merits of this case.

Accordingly, it is ORDERED that Defendants' Motion to Dismiss be, and it is hereby, GRANTED.

---

1. Even if Plaintiff's claim were justiciable, his argument that the ordinance does not apply to him because of the name change of his establishment from Absolute Massage to Absolute Relaxation Spa is likely without merit. There is no indication by the plaintiff in any of his pleadings, nor in the letter dated June 26, 1991 by the City of Saco Code Enforcement Officer that the nature of the massage establishment changed in any way. Contrary to Plaintiff's assertion that this letter verifies that he was "allowed to change his business from a massage parlor to a relaxation spa," the letter in fact merely acknowledges the change of the name of the business. Hence, the only documented change was the name of Plaintiff's business itself. The name change in and of itself does not exempt Plaintiff from the provisions of the massage establishment ordinance. Of note, many courts have found plaintiffs who own massage establishments denoted as "spas" to be subject to city massage ordinances. *See, e.g., Oriental Health Spa v. Fort Wayne,* 864 F.2d 486 (7th Cir.1988); *Mini Spas, Inc. v. South Salt Lake City Corp.,* 810 F.2d 939 (10th Cir.1987).