**B & B COASTAL ENTERPRISES, INC., Plaintiff**

v.

**Paul A. DEMERS, Kelly Wentworth, Wayne Berry, Thomas Wellman, Jack Libby, Daniel Boothby, and Town of Kennebunk, Maine, Defendants**

**No. CIV. 03–05–P–C.**

United States District Court, D. Maine.

Feb. 24, 2003.

Ronald R Coles, Coles Law Office, Kennebunk, for B & B Coastal Enterprises Inc, Plaintiff.

Mark V Franco, Thompson & Bowie, Portland, for Paul A Demers, Kelly Wentworth, Wayne Berry, Thomas Wellman, Jack Libby, Daniel Boothby, Kennebunk, Town of, Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

GENE CARTER, Senior District Judge.

Now before the Court is Plaintiff B & B Coastal Enterprises, Inc.'s Motion for Preliminary Injunction (Docket Item No. 2). Plaintiff asks for this injunction based on its claim that Defendant Town of Kennebunk's sign ordinance violates Plaintiff's constitutional rights under the First and Fourteenth Amendments, and that Plaintiff faces immediate and irreparable harm if Defendants are not enjoined from enforcing this ordinance. Upon careful consideration, the Court finds that Plaintiff does not face immediate and irreparable harm in the event that Defendants' actions are not enjoined and will, therefore, deny Plaintiff's Motion for Preliminary Injunction.

## I. FACTS

There are many facts in dispute in this case; however, the only facts relevant to the request currently pending for injunctive relief are as follows. In late July 2002, Defendant Paul Demers, the Code Enforcement Officer for the Town of Kennebunk, performed a sign inspection of the premises of Plaintiff's business, Bartley's Dockside Restaurant ("Bartley's"). See Complaint and Demand for Jury Trial (Docket Item No. 1) at 1; see also Objection to Plaintiff's Motion for a Preliminary Injunction ("Def.'s Obj. to Prelim. Inj.") (Docket Item No. 4) at 4.[1] Bartley's Dockside Restaurant is located in Kennebunk's lower village, an area where sign usage is governed by Article 10, Section 7(e)(2) of the Town of Kennebunk Zoning Ordinance, which holds that the maximum number of signs permitted per single use lot is three. See Affidavit of Paul Demers attached to Def's Obj. to Prelim. Inj. ¶ 9. At the time of his visit, Mr. Demers spoke with Brian Bartley, the owner of Bartley's. Although the exact words exchanged between Mr. Demers and Mr. Bartley are in dispute, it is not disputed that Mr. Demers informed Mr. Bartley that his restaurant was in violation of the Town of Kennebunk's sign ordinance and that corrective action had to be taken. See Demers Aff. ¶ 3; see also Reply Affidavit of Brian Bartley (Docket Item. No. 9) ¶ 2.

On July 26, 2002, Mr. Demers issued a Notice of Violation/Order for Corrective Action to B & B Coastal Enterprises, Inc.,[2] notifying Bartley's that they were in

---

1. Defendant actually writes "August 25, 2002," in its memorandum, but, based on its portrayal of the facts in all of its other submissions to the Court, as well as the facts presented by the Plaintiff, the Court assumes this date was written in error and that Defendant actually meant to say "July 25, 2002."

2. Bartley's Dockside Restaurant is owned and operated by B & B Coastal Enterprises, Inc. See Complaint at 1.

violation of Article 4, Section 1 of the Town of Kennebunk Zoning Ordinance, and ordering Bartley's to remove banners and non permitted signs that day. *See* Exhibit E attached to Def's Obj. to Prelim. Inj. Mr. Demers told Mr. Bartley that he could keep the two existing signs on the face of the building that had banners on them if he applied for and received a permit. *See* Demers Aff. ¶ 12. Many of the remaining violating "signs" were actually umbrellas with company logos inscribed on them. *See id.* ¶ 19. Although the parties dispute exactly what was said with regard to Bartley's outdoor umbrellas containing company logos, the parties agree that Mr. Demers informed Mr. Bartley that the umbrellas constituted advertising signs and that to comply with the sign ordinance, Bartley's could not retain that number of umbrellas with the advertising logos in plain view.[3] *See id.;* Affidavit of Brian Bartley (Docket Item No. 3) ¶ 4.

In an effort to comply with the sign ordinance, Bartley's proceeded to spray paint over the advertising logos on those umbrellas in view of the street. *See* Demers Aff. ¶ 21; Bartley Aff. ¶ 4. Despite Bartley's actions with regard to its umbrellas, as of late August, Mr. Demers determined that Bartley's Dockside Restaurant continued to violate the ordinance with an excessive number of non permitted signs. *Id.* ¶ 21. Mr. Demers then forwarded the matter to the Kennebunk town attorney to institute an enforcement action, *id.* ¶ 24, and on September 16, 2002, the Town of Kennebunk commenced Rule 80K proceedings for violation of the Town of Kennebunk Zoning Ordinance in the Maine District Court. Bartley Reply Aff. ¶ 21. As of the date of this order, no hearing has been scheduled in the 80K

proceeding. *See* Affidavit of Brian Bartley ("Third Bartley Aff.") (Docket Item No. 12) ¶ 4.

In addition to the 80K action, on October 17, 2002, Mr. Demers sent a memo to the Kennebunk Town Manager recommending that Bartley's pending liquor license application be withheld until the restaurant remedied its sign ordinance violations. *See* Bartley Reply Aff. ¶ 22. Although the Town Selectmen then voted on October 22, 2002, not to renew Bartley's liquor license, *see* Bartley Aff. ¶ 5, the State of Maine issued a temporary liquor license to Bartley's, scheduled to expire on February 28, 2003. *See id.* ¶ 7. On January 17, 2003, the Town Clerk sent a letter to Mr. Bartley informing him that on February 11, 2003, the Town of Kennebunk Board of Selectmen would be continuing the public hearing regarding Bartley's liquor license application and that Bartley's would be entitled to its liquor license if it came into compliance with the Town's sign ordinance. *See* Bartley Reply Aff. ¶ 24. Specifically, the Town Clerk advised Bartley's that to comply with the ordinance, the restaurant must apply to the Code Enforcement Office for a sign permit for the two signs attached to its building and pay the $25 fee per sign. *See id.* The letter also stated that if Bartley's kept the signs on its property down to the three allowed by the ordinance, permits would then be issued and it would be entitled to its liquor license. *See id.*

On February 7, 2003, Plaintiff made the proper applications and paid the requisite fees for the two sign permits. Bartley Reply Aff. ¶ 25. On February 11, 2003, the State of Maine Liquor Enforcement

---

**3.** The parties agree that Mr. Demers told Mr. Bartley he could cover up the advertising logos. They also agree that of the advertising logos that Mr. Demers asked Mr. Bartley to cover up, at least some of them included the logo "Hebrew National Franks." *See* Bartley Reply Aff. ¶ 2; Demers Aff. ¶ 19; Exhibit D attached to Def's Obj. to Prelim. Inj.

Bureau issued a renewal of Bartley's liquor license. Third Bartley Aff. ¶ 2.

## II. DISCUSSION

In its Motion for Preliminary Injunction, Plaintiff asks this Court to stay the Maine District Court 80K violation proceeding and to restrain Defendants from enforcing Article 4, Section 1 *et seq.* of the Town of Kennebunk Zoning Ordinance. Motion for Preliminary Injunction at 1. The Town of Kennebunk has in force a zoning ordinance which, in part, governs the usage of signs by resident businesses. In pertinent part, the zoning ordinance states that "[n]o building, sign, or other structure shall be erected, altered, moved or demolished in the Town without a written permit issued by the Code Enforcement Officer." *See* Town of Kennebunk Zoning Ordinance, Article 4, Section 1, Paragraph A, attached as Exhibit A to Def's Obj. to Prelim. Inj. (Docket Item No. 4). The ordinance defines a sign as "[a]ny object, device, display or structure, or part thereof which is used to advertise, identify, display, direct or attract attention to an object, person institution, organization, business, product, service, event or location by any means, including words, letters, figures, design, symbols, fixtures, colors, illumination or projected images." *See* Town of Kennebunk Zoning Ordinance Article 10, Section 7(C)(1), attached as Exhibit B to Def's Obj. to Prelim. Inj.

In the First Circuit, there are four well-established criteria that a plaintiff must satisfy in order to obtain a preliminary injunction. The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *See Planned Parenthood League of Massachusetts v. Bellotti* 641 F.2d 1006, 1009 (1st Cir.1981); *Merrill Lynch v. Bennert,* 980 F.Supp. 73, 74 (D.Me.1997).

Regardless of whether Plaintiff can meet any of the other criteria, Bartley's has not shown that it will suffer irreparable injury in this case if an injunction is not granted. This Court has never swayed from its position that

> [i]n order to make a suitable showing of irreparable injury, the moving party must establish a colorable threat of immediate injury, *see Massachusetts Coalition of Citizens With Disabilities v. Civil Defense Agency,* 649 F.2d 71, 74 (1st Cir.1981), and the absence of any adequate remedy at law for such injury. *McDonough v. United States Department of Labor,* 646 F.Supp. 478, 482 (D.Me.1986).

*Rencor Controls v. Stinson,* 230 F.Supp.2d 99, 102 (D.Me.2002) (*citing Merrill Lynch v. Bishop,* 839 F.Supp. 68, 70 (D.Me.1993)). The plaintiff has the burden of proving that irreparable harm would result from a denial of injunctive relief, *see Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 18 (1st Cir.1996), and, in this case, Plaintiff has not met its burden at this time.

First, Plaintiff claims that because of the pending 80K proceeding, the restaurant risks losing its liquor license. *See* Motion for Preliminary Injunction at 3. This claim of injury bears little discussion. On February 11, 2003, the State of Maine Liquor Enforcement Bureau issued a renewal of Plaintiff's liquor license, *see* Third Bartley Aff. ¶ 2, and, therefore, Plaintiff can no longer claim this as an injury. Second, Plaintiff claims that it will be "immediately harmed and threatened" if it is not permitted to use its outdoor umbrellas on its premises. Bartley Aff. ¶ 8; *see also*

Motion for Preliminary Injunction at 3. However, Plaintiff does not now have or want umbrellas outside its restaurant and does not anticipate wanting to use them until May 2003. Bartley Reply Aff. ¶ 26. "A presently existing, actual threat must be shown," *Mass. Coalition of Citizens with Disabilities*, 649 F.2d at 74, and harm that may be faced several months from now does not qualify as such. Furthermore, because Plaintiff has applied for and paid for permits for the two permanent signs attached to its building, Bartley Reply Aff. ¶ 25, and by Plaintiff's own admission, it does not intend to use the outdoor umbrellas bearing the logos until May 2003, *id.* at ¶ 26, there is no outstanding violation of the Town of Kennebunk sign ordinance. This Court will not prohibit the Town from enforcing its ordinance *now*, so that Plaintiff can use its umbrellas in *May.*[4] Regardless of whether Plaintiff will ultimately succeed in proving the Town of Kennebunk sign ordinance to be unconstitutional, it does not face "a colorable threat of immediate injury" if the Town is not immediately enjoined from enforcing this ordinance.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Injunction be, and it is hereby, **DENIED.**

---

4. Moreover, the Court notes that Plaintiff has now requested, and Defendants do not oppose, a stay of the 80K proceeding in the Maine District Court. *See* Plaintiff's Letter in Support of Bartley Affidavit (Docket Item No. 13); Affidavit of William Dale (Docket Item No. 24) ¶ 6. Therefore, if the Maine District Court grants the stay, which appears to be likely, Plaintiff's request that this Court enjoin the state proceeding will be moot as to the pending Motion for Preliminary Injunction.